UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.     Case No. 3:17cv25-MCR-CJK

WILLIAM C. WILSON, D.O., P.A.,
d/b/a THE WILSON FAMILY
MEDICAL CENTER,
WILLIAM C. WILSON, D.O., and
BEVERLY A. WILSON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the court is plaintiff's "Motion for Permanent Injunction by Default and Default Judgment against Corporate Defendant William C. Wilson, D.O., P.A. and Summary Judgment for Permanent Injunction against Individual Defendants, William C. Wilson, D.O. and Beverly A. Wilson." (Doc. 23). The matter is referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). After a hearing on the matter and upon review of the parties' submissions and the relevant law, the undersigned concludes plaintiff's motion should be granted in large part.

## BACKGROUND

On January 11, 2017, plaintiff United States filed a complaint against 3 defendants—William C. Wilson, D.O., P.A., d/b/a the Wilson Family Medical Center ("WMC"), William C. Wilson, D.O., and Beverly A. Wilson—alleging violations of internal revenue laws. (Doc. 1). The individual defendants, Dr. Wilson and Mrs. Wilson, filed a *pro se* answer to the complaint on March 17, 2017. (Doc. 6). WMC failed to retain counsel to appear on its behalf and, after due notice, a clerk's default was entered against it on May 10, 2017. (Doc. 19).

After entry of the initial scheduling order on May 23 (doc. 21), plaintiff advised the court that the Wilsons failed to participate in a Rule 26(f) conference despite plaintiff's reasonable efforts (doc. 22). It then moved for summary judgment. (Doc. 23). The motion seeks entry of a permanent injunction against the defendants under 26 U.S.C. § 7402(a), as well as entry of a default judgment against WMC for $159,098.01. The court issued orders advising the Wilsons of the rules governing motions for summary judgment (doc. 24) and setting the motion for a hearing (doc. 25). At the end of the August 10, 2017 hearing, the court directed plaintiff to submit cases illustrating the use of injunctions in non-tax-preparer cases, and allowed the Wilsons to submit objections to the proposed injunction. (Docs. 31-33, 36-37).

## FACTS[1]

WMC, incorporated in 1989, operates as a medical practice in Pensacola, Florida. The Wilsons have owned and operated WMC since its incorporation. Dr. Wilson is president of WMC and its sole physician; Mrs. Wilson is vice president and handles the bookkeeping.

As an employer, WMC is required by law to withhold federal income and Federal Insurance Contributions Act ("FICA") taxes from its employees' wages and pay those withholdings to the Internal Revenue Service ("IRS"), in addition to paying its own FICA taxes and Federal Unemployment Tax Act ("FUTA") taxes (collectively "employment taxes"). *See* 26 U.S.C. §§ 3102, 3111, 3301, 3402, and 3403. WMC must make periodic deposits of the FICA taxes withheld from its employees' pay, as well as its share of employment taxes, in an appropriate federal depository bank in accordance with federal deposit regulations. *See* 26 U.S.C. §§ 6302, 6157; 26 C.F.R. §§ 31.6302-1, 31.6302(c)-1, 31.6302(c)-3. WMC must also file Employer's Quarterly Federal Tax Returns ("IRS Forms 941") and annual FUTA Tax Returns ("IRS Forms 940") (collectively "employment tax returns") reporting such taxes to the IRS. *See* 26 U.S.C. § 6011; 26 C.F.R. § 31.6071(a)–1.

---

[1] The facts relevant to plaintiff's motion for summary judgment are drawn from the declaration of Jeff Gregory, a Revenue Officer with the Internal Revenue Service. (Doc. 23-1). The materials the Wilsons submitted in response to the motion (doc. 28) do not create a genuine dispute as to any material fact.

Case No. 3:17cv25-MCR-CJK

WMC has a history, dating back to 2000, of failing to timely pay its federal tax liabilities. WMC's tax debts for tax years before 2010 were paid through levies, installment agreements, offsets, and/or other means. WMC has repeatedly failed to: (1) fully and timely pay its federal employment taxes (Form 941) and timely file its employment tax returns; (2) fully and timely pay its federal unemployment taxes (Form 940) and file its unemployment tax returns; and (3) file Wage and Tax Statements (Form W-2).

IRS agents have personally admonished, cautioned, and instructed WMC and its officers, the Wilsons, about the need to become current on WMC's responsibilities, but to no avail. During the years before 2010, IRS personnel met personally with and separately interviewed the Wilsons with regard to WMC's outstanding tax liabilities. They discussed WMC's tax obligations as well as the Wilsons' own duties and obligations as officers of WMC to ensure compliance with federal tax laws. Between August 28, 2014, and July 14, 2016, IRS employees contacted Dr. Wilson and/or Mrs. Wilson on multiple occasions to discuss WMC's need to comply with its tax obligations. IRS employees also used these discussions to aid collection of WMC's outstanding tax liabilities. Despite these efforts, the Wilsons have not brought WMC into compliance.

Administrative collection remedies have likewise failed to bring WMC into compliance. The IRS has issued over 125 levies on WMC's bank account, merchant

account, and accounts receivable since August 2014, but the amounts collected have been insufficient to pay all of WMC's assessed tax liabilities. The IRS also assessed trust fund recovery penalties, pursuant to 26 U.S.C. § 6672, against Mrs. Wilson as a responsible officer of WMC for willfully failing to pay over the taxes withheld from WMC's employees for all of 2013 and for portions of 2014 and 2015. The penalties make Mrs. Wilson personally liable for the trust fund portion of WMC's Form 941 taxes for the above tax periods. The IRS has also filed multiple Notices of Federal Tax Liens in the Escambia County, Florida public records with the Florida Secretary of State. None of these measures have prodded WMC to become compliant with its tax obligations.

As of June 14, 2017, the unpaid balance of the Form 941 tax liabilities owed by WMC for the taxable periods at issue, namely all quarters of 2013, the first through third quarters of 2014, the first through third quarters of 2015, and the first and second quarters of 2016, plus interest and statutory additions thereon, totaled $107,456.50. In addition, WMC failed to file Forms 941 for the fourth quarters of 2013, 2014 and 2015, and the third quarter of 2016. The IRS calculated the Form 941 tax assessment for the fourth quarter of 2013 based on the substitute for return procedures set forth in 26 U.S.C. § 6020(b).[2] A delegate of the Secretary of the

---

[2] *See* 26 U.S.C. § 6020(b)(1) ("If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or

Treasury properly gave written notice to WMC of the unpaid tax obligations for these tax periods and made demand for payment, but WMC has failed to pay the entire amount of its Form 941 tax liabilities.

As of June 14, 2017, the unpaid balance of the Form 940 unemployment tax liabilities owed by WMC for 2010, 2012, 2013, and 2014, plus interest and penalties that continue to accrue, amounted to $27,890.76.  Because WMC did not file Form 940 returns for tax years 2010, 2012, and 2013, the IRS calculated the Form 940 tax assessments for those years based on the substitute for return procedures set forth in 26 U.S.C. § 6020(b).  The Form 940 tax assessment for tax year 2014 was calculated based on figures reported by WMC on its late-filed Form 940.  A delegate of the Secretary of the Treasury properly gave written notice to WMC of the unpaid tax obligations for these tax periods and made demand for payment, but WMC failed to pay the entire amount of its Form 940 tax liabilities.

WMC also failed to file Wage and Tax Statements (Form W-2) for tax years 2010 through 2015.  For 2010 and 2011, a delegate of the Secretary of the Treasury assessed penalties against WMC, pursuant to 26 U.S.C. § 6721, for failing to file Form W-2 with the IRS.  A delegate of the Secretary of the Treasury properly gave written notice to WMC of these assessments and made demand for payment, but

---

otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.").

WMC failed to pay the entire amount of its § 6721 assessments. As of June 14, 2017, the unpaid balance of penalty assessments under § 6721 for failure to file Form W-2 for tax years 2010 and 2011, plus statutory additions thereon, was $23,750.75.

## DISCUSSION

Title 26 U.S.C. § 7402(a) authorizes district courts to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." "[T]he decision to issue an injunction under § 7402(a) is governed by the traditional factors shaping the district court's use of the equitable remedy." *United States v. Ernst & Whinney*, 735 F.2d 1296, 1301 (11th Cir. 1984). To obtain a permanent injunction, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Dr. Wilson & Mrs. Wilson[3]

Applying the 4-factor test outlined above, plaintiff is entitled to a permanent injunction against Dr. Wilson and Mrs. Wilson. The Wilsons argue plaintiff has not

---

[3] Plaintiff asked the court to strike the Wilson's objections to the request for an injunction because the objections were filed a day late. (Doc. 37, p. 1-2). The undersigned denies plaintiff's request.

suffered an irreparable injury and it has sufficient legal remedies without an injunction because plaintiff has shown it can "robustly collect" WMC's past-due taxes. The Wilsons also claim an injunction is not warranted because plaintiff has not availed itself of all other remedies. The Wilsons suggest plaintiff should have placed WMC's outstanding tax liabilities in "currently not collectible status" to allow WMC the opportunity to comply with its ongoing obligations to file and pay its accruing tax liabilities without plaintiff engaging in collection activity.

The Wilsons' arguments lack merit. The defendants' failure to meet WMC's tax obligations have harmed plaintiff by causing a loss of tax revenue. The defendants' actions have also forced the IRS to expend resources monitoring WMC, encouraging compliance, and collecting overdue tax liabilities. Plaintiff's ability to collect a portion of WMC's past-due taxes through levies does not eliminate these harms.

Similarly, the alternative to an injunction proposed by the Wilsons—placing WMC in "currently not collectible status"—would not remedy the harm plaintiff has suffered or is likely to suffer in the future. Plaintiff has engaged in extensive efforts to ensure the defendants' comply with their tax obligations, including: (1) sending "considerable written correspondence and personally [meeting] with the Defendants"; (2) issuing "over 125 levies"; (3) assessing "personal liability under 26 U.S.C. § 6672 against Mrs. Wilson as a responsible officer of the Corporate

Defendant for at least some of the time periods"; and (4) filing "multiple Notices of Federal Tax Liens." (Doc. 37, p. 3). These efforts have not resulted in the defendants' compliance. Of note, the Wilsons have not only failed to pay WMC's tax liabilities, they have also failed to file tax returns for several tax periods. Plaintiff, therefore, lacks an adequate legal remedy to prevent the Wilsons' from disregarding WMC's tax obligations and has suffered irreparable harm as a result.

The harm suffered by plaintiff as result of the defendants' continued noncompliance also outweighs the burden imposed on the defendants of being forced to comply with the law by paying tax obligations and filing tax returns. In addition, an injunction in this case would serve the public good by ensuring the defendants' compliance with internal revenue laws; it would also ensure fair application of the tax laws to all employers. An injunction also relieves plaintiff of the financial burden and personnel expenditures used (without success) in previous attempts to nudge WMC into compliance.

Plaintiff, therefore, has demonstrated the 4 factors necessary to obtain an injunction. The Wilsons, however, also raise 4 specific objections to the scope of the injunction sought by plaintiff. First, they object to the burden of requiring them to submit affidavits to the IRS stating they have timely filed their returns and timely paid their taxes within 2 days of filing or paying. But they do not explain why such a requirement is unduly onerous. Also, they do not mention the requirement is not

2 days but 2 banking days. As plaintiff correctly notes, "[e]stablishing a duty to report timely filing and timely payment of taxes will enable the United States to know at an earlier date whether the Defendants have failed to comply before the missed obligations start snowballing." (Doc. 37, p. 5). Thus, the Wilsons' objection to this portion of the injunction should be overruled.

Next, the Wilsons object to the portion of the proposed injunction that prevents WMC from using a payroll company. Although the government objects to defendants' potential use of a payroll company, in the view of the undersigned, such a condition unnecessarily restrains the Wilsons' ability to run their own business. Plaintiff claims this restriction prevents the defendants from "attempting to circumvent detection of their failure to pay employment taxes by setting up another shell entity who pays employees and is intended to make it appear that the Corporate Defendant's payroll is smaller than it truly is." (Doc. 37, p. 6). No evidence has been presented, however, that suggests the defendants are inclined to utilize a fraudulent avoidance scheme as envisioned by plaintiff. And different provisions of the proposed injunction protect plaintiff from this hypothesized risk. *See, e.g.*, (Doc. 23, p. 30; Doc. 23-3, p. 4-5) (prohibiting the defendants, and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with any of the above, from failing to withhold and/or pay over to the IRS all employment taxes, including federal income,

FICA, and FUTA taxes of the Wilson Medical Center, required by law). Furthermore, defendants' use of a payroll company could benefit the plaintiff by ensuring WMC's finances and tax obligations are handled by an experienced entity also subject to regulation by the IRS. Nevertheless, to provide plaintiff with notice if defendants enter into such an arrangement, the undersigned recommends that defendants be required to notify plaintiff within 5 banking days if defendants transfer any money or property to any other entity to have that entity pay the salaries or wages of WMC's employees.

The Wilsons' final 2 objections perhaps misstate the scope of the relief sought by plaintiff and are without merit. The Wilsons claim: (1) Mrs. Wilson should not be subject to personal financial liability for WMC's failure to pay its taxes; and (2) their heirs or successors should not be prevented from selling or owning businesses of their own. (Doc. 36, p. 2). Plaintiff's motion seeks neither of these things.

Mrs. Wilson was previously assessed as a responsible person under 26 U.S.C. § 6672, which made her personally liable for some of WMC's unpaid taxes. *See Harris v. United States*, 175 F.3d 1318, 1319 (11th Cir. 1999) ("Under section 6672 of the Internal Revenue Code (26 U.S.C.), any officer or employee of a corporation who is responsible for the collection or payment of federal employment taxes (a 'responsible person') who willfully fails to pay such taxes is liable for a penalty equal to the unpaid amount."). Plaintiff, however, has emphasized throughout this

case that it does not seek a money judgment against Mrs. Wilson. Instead, plaintiff referenced the § 6672 assessments as evidence: (1) it had exhausted its administrative collection procedures; and (2) those procedures failed to generate defendants' compliance. Thus, says plaintiff, an injunction is justified. Likewise, no part of the proposed injunction prevents the Wilsons' heirs or successors from selling or owning their own businesses.

Wilson Medical Center

After admonition, WMC failed to obtain representation in this matter and a clerk's default was entered against it on May 10, 2017. (Doc. 19). The allegations in the complaint (admitted as true by WMC), the evidence submitted in support of the motion for summary judgment, and the analysis of the equitable factors set forth above establish plaintiff is entitled to a permanent injunction and monetary judgment of $159,098.01 against WMC. *See Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) ("When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'") (*Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) ("When a defendant has failed to plead or defend, a district court may enter judgment by default.") (*citing* Fed. R. Civ. P. 55(b)(2)).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's "Motion for Permanent Injunction by Default and Default Judgment against Corporate Defendant William C. Wilson, D.O., P.A. and Summary Judgment for Permanent Injunction against Individual Defendants, William C. Wilson, D.O. and Beverly A. Wilson" (doc. 23) be GRANTED to the extent indicated in this Report and Recommendation.

2. That the court enter a permanent injunction pursuant to 26 U.S.C. § 7402:

    A. requiring the defendants to file all overdue Form 940 and Form 941 tax returns for the Wilson Medical Center as well as any unfiled Form W-2s;

    B. requiring the defendants to timely file with the IRS all required forms and tax returns for the Wilson Medical Center, including Form 940 and Form 941 tax returns and Form W-2s, in the manner identified in the IRS' written instructions, which are available at www.irs.gov;

    C. requiring the defendants to segregate (i.e., hold separate and apart from all other funds) all monies withheld from employees of the Wilson Medical Center or collected from others for taxes under any internal revenue laws of the United States;

    D. requiring the defendants to make timely deposits of withheld income and FICA taxes, as well as the Wilson Medical Center's share of FICA taxes,

in an appropriate federal depository bank, in accordance with federal deposit regulations and using the Department of Treasury's Electronic Tax Payment system;

  E. requiring the defendants to timely deposit FUTA taxes of the Wilson Medical Center in an appropriate federal depository bank, in accordance with federal deposit regulations and using the Department of Treasury's Electronic Tax Payment system;

  F. prohibiting the defendants, and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with any of the above, from failing to withhold and/or pay over to the IRS all employment taxes, including federal income, FICA, and FUTA taxes of the Wilson Medical Center, required by law;

  G. requiring defendants to advise Revenue Officer Jeff Gregory, at 7180 North 9th Ave, Pensacola, FL 32504, or such other person as may be directed by the IRS, within five banking days if defendants transfer any money or property to any other entity to have that entity pay the salaries or wages of the Wilson Medical Center's employees;

  H. prohibiting the defendants and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with any of the above, including the Wilsons, from assigning any of the Wilson Medical Center's property or rights to property or

making any disbursements before paying all required outstanding liabilities due on each tax return required to be filed going forward from the date of the injunction;

      I.    requiring William and Beverly Wilson and any other individuals who are responsible for carrying out the duties established under paragraphs D and E, supra, for a period of five years following the entry of this injunction, to sign and deliver affidavits to the IRS at Attention: Revenue Officer Jeff Gregory, at 7180 North 9th Ave, Pensacola, FL 32504, or to such other specific location as directed by the IRS, within two banking days after each deposit is due, stating that the requisite withheld income, FICA, and FUTA tax deposits were timely made, and within two days after each return is due, stating that each requisite return has been timely filed, and along with such affidavits include proof of filing the required return;

      J.    requiring William and Beverly Wilson to advise Revenue Officer Jeff Gregory, at 7180 North 9th Ave, Pensacola, FL 32504, or such other person as may be directed by the IRS, if either or both of them come to own, manage, or work in another business;

3.    That the court enter judgment in favor of the United States and against William C. Wilson, D.O., P.A., d/b/a The Wilson Family Medical Center in the total amount of $159,098.01, as of June 14, 2017, plus statutory additions thereon and interest accruing after that date pursuant to 26 U.S.C. §§ 6621, 6622. This amount

represents the Wilson Medical Center's unpaid employment tax liabilities for all quarters in 2013, the first through third quarters of 2014, the first through third quarters of 2015, and the first and second quarters of 2016, the Wilson Medical Center's unpaid unemployment tax liabilities for tax years 2010 and 2012 through 2014, and the penalties for failing to timely file Wage and Tax Statements (Form W-2) with the IRS for tax years 2010 and 2011.

4. That the United States be permitted within reason to conduct post-judgment discovery to ensure compliance with the injunction, as well as discovery pertaining to collection of the judgment amount;

5. That this court retain jurisdiction over this case to ensure compliance with this injunction, including authority to punish its violation as contempt of court.

At Pensacola, Florida, this 5th day of October, 2017.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.